860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glynda Kaye McDONALD, Plaintiff-Appellant,
v.
SOUTH LAND COMPANY, doing business as Columbus Jasper
Southerland; Rancho De La Repuesta, Incorporated, doing
business as Columbus Jasper Southerland; JR'S Western Wear
Apparel, doing business as Columbus Jasper Southerland;
Biscuit Barn Company, doing business as Columbus Jasper
Southerland; State Warehouse Corporation, doing business as
Columbus Jasper Southerland, Defendants- Appellees.
 No. 88-5342.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff claimed that Columbus J. Southerland, Jr., breached a series of contracts for the sale of either real property or stock. Although plaintiff claimed that Southerland breached the contracts, she failed to name Southerland personally as a defendant. Plaintiff requested monetary damages and injunctive relief. The district court dismissed the complaint because joinder of Southerland was compulsory under Fed.R.Civ.P. 19(a), but not feasible as this would deprive the court of diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(1).
 
 
 4
 Upon consideration, we conclude that the complaint was properly dismissed. Southerland is an indispensable party under Fed.R.Civ.P. 19(a), and as such, was required to be joined in this action in order for the court to give complete relief. The contracts at issue clearly identify Southerland as the seller, and he personally signed each of the contracts. However, joining Southerland as a party defendant is not feasible because this would defeat the court's diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(1). In such situations, where joinder is desirable under Fed.R.Civ.P. 19(a), but not feasible because the joined party would defeat the court's jurisdiction, Fed.R.Civ.P. 19(b) applies. Under that rule, the court must determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed. Local 670 v. International Union United Rubber, Etc. Workers, 822 F.2d 613, 618 (6th Cir.1987), cert. denied, 108 S.Ct. 731 (1988). There are four factors to consider once the court has determined that joinder of a person described in Rule 19(a) is desirable, but not feasible: (1) to what extent a judgment rendered in the person's absence might prejudice the person or those already parties; (2) the extent to which the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. See Fed.R.Civ.P. 19(b). Applying these factors to the facts of the present case, we conclude that this action was properly dismissed. Southerland is the real party in interest to these breach of contract actions. He was identified as the seller and personally signed each contract. The district court could not fashion an appropriate judgment without Southerland as a defendant. Any judgment in his absence would be inadequate because plaintiff testified before the magistrate that she wants the court to order Southerland to carry out his part of the bargain. Finally, plaintiff has an adequate remedy in state court against Southerland for breach of contract and specific performance.
 
 
 5
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation